**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **VERONICA Y. McCALL-SCOVENS** | * | |
| 6624 Vincent Lane | | |
| Apt. 302 | * | |
| Baltimore, MD  21215 | | |
| | * | |
| | | |
| Plaintiff, | * | Civil Action No.:_____ |
| | | |
| v. | * | |
| | | |
| **THE UNITED STATES OF AMERICA** | * | |
| | | |
| SERVE ON: | * | |
| Eric H. Holder, Jr., Esquire | | |
| United States Attorney General | * | |
| United States Department of Justice | | |
| 950 Pennsylvania Avenue, N.W. | * | |
| Washington, D.C.  20530 | | |
| | * | |
| | | |
| Rod J. Rosenstein, Esquire | * | |
| United States Attorney's Office | | |
| District of Maryland | * | |
| 36 South Charles St., 4th Floor | | |
| Baltimore, Maryland  21201 | * | |
| | | |
| | * | |
| Robert A. McDonald | | |
| U. S. Department of Veterans Affairs | * | |
| Secretary of Veterans Affairs | | |
| 810 Vermont Avenue, NW | * | |
| Washington, DC  20420 | | |
| | * | |
| | | |
| Frank Giorno, Esquire | * | |
| U.S. Department of Veterans Affairs | | |
| Office of Regional Counsel | * | |
| 3900 Loch Raven Blvd. | | |
| Building 4 | * | |
| Baltimore, Maryland  21214 | | |
| | * | |
| | | |
| Defendants. | * | |

*******************************

## COMPLAINT

COMES NOW the Plaintiff, Veronica Y. McCall-Scovens, by and through her attorney, Louis G. Close, III, and sues the Defendant The United States of America, and states as follows:

### JURISDICTION, VENUE & CONDITIONS PRECEDENT

1.      Jurisdiction is proper as the claims herein against the United States of America are brought pursuant to the Federal Tort Claims Act (hereinafter "the Act"), 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq*., for personal injury caused by the negligent and/or wrongful acts and/or omissions of employees of the Defendant, The United States of America, while acting within the scope of employment, under circumstances where The United States of America, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Maryland.

2.      Venue is proper in that all, or a substantial part, of the acts and/or omissions forming the basis of these claims occurred in the State of Maryland, and arose from negligent medical treatment rendered to the Plaintiff, Veronica Y. McCall-Scovens, between  October 2010 and February 2013 by employees of the government (Baltimore Veterans Administration Medical Center ("VA Medical Center")),  located in the State of Maryland.

3.      The Plaintiff  has fully complied with the provisions of the Act in providing timely notice of their administrative tort claims to the appropriate government agency, the United States Department of Veterans Affairs "the Department"), by way of correspondence dated November 18, 2014; and on June 3, 2015, the Department responded with written notice of their denial of Plaintiff's administrative tort claims.  See Plaintiff's **Exhibit 1**.  The Act provides that a tort claim that is administratively denied may be presented to the appropriate federal district court for judicial

consideration, within six (6) months from the date of mailing of the Department's final determination  and, therefore, this Court has exclusive jurisdiction pursuant to the Act.

## PARTIES

4.      The Plaintiff, Veronica Y. McCall-Scovens, is an adult individual, and a citizen of the State of Maryland, who resides at 6624 Vincent Lane, Apt. 302, Baltimore, Maryland 21215.

5.      Pursuant to the Act, the Defendant United States of America is a named party due to allegations of negligent and/or wrongful acts and/or omissions of employees of the government (VA Medical Center), while acting within the scope of their respective employment, as set forth in 28 U.S.C. §2675(a).

## COUNT I

COMES NOW the Plaintiff, Veronica Y. McCall-Scovens, by her attorney, Louis G. Close, III, and sues the Defendant, The United States of America, and state as follows:

6.      At all times relevant hereto, Defendant, the United States of America, through its agents, servants and/or employees,  represented  to the Plaintiff and to the public that they possessed the degree of skill, knowledge and ability possessed by reasonably competent medical practitioners practicing under the same or similar circumstances as those involving the Plaintiff.

7.      The Plaintiffs allege that the Defendant, The United States of America, through its agents, servants and/or employees, owed to the a duty to exercise a degree of skill, care and judgment expected of a competent health care provider acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions, without inflicting

3

injury upon the Plaintiff continuous evaluation of the Plaintiff's condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendant failed to do.

8.      The Defendant, The United States of America, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Plaintiff's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff 's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's condition, failed to diagnose the Plaintiff's condition, and was otherwise negligent.

9.      In October of 2010, the Claimant Veronica Y. McCall-Scovens was a 52-year-old woman with a familial history of cancer, who presented to the Veterans Administration ("VA") Medical Center in Baltimore, Maryland with complaints of irregular menstrual periods.  On October 26, 2010, a diagnostic pelvic ultrasound identified a concerning right ovarian cyst.  Follow-up sonography performed in December 2010, May 2011 and August 2011 revealed persistent growth and evolution of this right ovarian cystic mass.

10.     On December 13, 2011, the Claimant returned to the VA Medical Center for a follow-up pelvic ultrasound. This diagnostic study identified an expanding right ovary measuring 3.8 x 3.1 x 3.8 cm; a cystic lesion at the margin of the right ovary that had increased in size, now measuring 2.8 x 2.6 x 3.8 cm (previously 1.4 x 1.8 x 2.8 cm in October 2010 and 1.7 x 1.6 x 1.9 cm in August 2011); a new 11 mm mural nodule demonstrating internal vascularity at the margin of the cystic

lesion; and a newly developed right hydrosalpinx.  It was further noted that the above findings were suspicious for an ovarian/adnexal neoplasm with clinical evaluation for possible surgical resection recommended.

11.     As of this time, in light of the Claimant's history, clinical signs and symptoms, and sonographic findings, it is alleged that the United States of America, through its duly authorized agents, servants and/or employees, knew or should have known that the Claimant's adnexal mass was suspicious for malignancy. The applicable standards of care, it is asserted,  required that a laparotomy be performed and the suspicious mass removed.

12.     It is asserted that had the United States of America, through its duly authorized agents, servants, and/or employees, complied with the standards of care and surgical intervention occurred, the Claimant's ovarian cancer would have been diagnosed at an early stage and treated, such that the Claimant would have enjoyed an overwhelming chance of long-term, cancer-free cure. Unfortunately, the Claimant's cancer was negligently permitted to remain, grow and spread, without timely diagnosis and treatment.

13.     In February 2012, the Claimant returned to the VA Medical Center where a pelvic ultrasound again identified an enlarged right ovary now measuring 5.7 x 6.0 x 3.8 cm; a persistent right ovarian cystic mass; and a prominent tubular structure in the right adnexal region extending to the right ovary.  Unfortunately, the United States of America, through its duly authorized agents, servants and/or employees at the VA Medical Center, again negligently failed to recommend and perform surgery at this time as the standards of care required.  As the result, the Claimant's ovarian cancer continued to remain and grow, without proper diagnosis and treatment.

14.     In April 2012, the Claimant underwent laboratory testing, including a CA-125 tumor

marker study.  This CA-125 study, commonly utilized by health care providers to evaluate a patient's

risk for ovarian cancer, was determined to be elevated and abnormal, with a value of 49 u/ml.  Given

the Claimant's history, as well as her clinical, diagnostic imaging and laboratory findings as of this

time, it is asserted that the standards of care yet again required the United States of America, through

its duly authorized agents, servants and/or employees at the VA Medical Center, to recommend and

perform surgery, and diagnose and treat the Claimant's ovarian cancer as of that time.

Unfortunately, the United States of America, in violation of the standards of care, again failed to do

so; as the result, the Claimant's ovarian cancer continued to remain and grow, without proper

diagnosis and treatment.

15.     In June 2012, the Claimant presented to the VA Medical Center's Emergency

Department with the sudden onset of 10/10 lower abdominal pain.  A CAT scan of the Claimant's

abdomen and pelvis identified thickening of the sigmoid colon, a 5 x 9 cm structure in the right

adnexal region with soft tissue and cystic components, and free fluid in the pelvis.  Unfortunately, it

is asserted that in violation of the standards of care, the United States of America, through its agents,

servants and/or employees at the VA Medical Center emergency room, again failed to recommend

and perform surgery at this time.  As the result, the Claimant's ovarian cancer continued to remain

and grow, without proper diagnosis and treatment.

16.     On January 18, 2013, the Claimant underwent additional repeat diagnostic evaluation

of her pelvic region, after which, it was noted that the previously identified right adnexal mass had

significantly increased in size and now measured 6.4 x 5.7 x 5.8 cm.  Findings also included a large

complex cystic tubular structure along the margin of the right adnexal mass measuring 9.7 x 2.6 x

5.1 cm.  A repeat CA-125 test conducted at this time was again determined to be abnormal, and

significantly elevated, with a value of 115 u/ml.

17.     On February 20, 2013, the Claimant Veronica McCall-Scovens finally and belatedly was recommended for and underwent surgical intervention to diagnose and treat her cancerous condition.  Unfortunately, due to the breaches in the standards of care, as outlined above, and the resulting delay in diagnosing and treating the Claimant's condition, the cancer was allowed to grow, spread and metastasize to other areas of the Claimant's body, such that she required extensive surgical intervention, including an  open total abdominal hysterectomy; bilateral salpingo-oophorectomy; pelvic and periaortic lymph node dissection; omentectomy; small bowel resection with side-to-side anastomosis; rectosigmoid resection with end-to-end anastomosis; appendectomy; and tumor debulking.  The pathological tissue diagnosis at this time confirmed, for the first time, the presence of cancer.  The primary tumor was identified as a high-grade serous carcinoma with the presence of invasive tumor implantation involving the right fallopian tube, peritoneum, small intestine, sigmoid/rectum and periappendiceal tissue - - indicating that the Claimant now had Stage IIIC serous carcinoma.  At this time, the Claimant Veronica McCall-Scovens' cancer was at an advanced stage, and as a result, she now has a very poor prognosis.

18.     Postoperatively to the February 20, 2013 surgery, the Claimant developed several complications including an anastomotic leak which required numerous repair efforts including an exploratory laparotomy on March 4, 2013, abdominal washout procedures on March 6th, 8th, 11th, 15th, 19th, 22nd, and April 3rd, ostomy placement, and staged closure of the Claimant's abdominal wound.  Further, on April 6, 2013, the Claimant required transfer to the University of Maryland Medical Center for additional treatment and care, including additional surgical repair efforts, medical management and wound care.

19.     It is asserted that had this standards of care been complied with by the United States of America, through its duly authorized agents, servants and employees, the Claimant's ovarian cancer would have been diagnosed at Stage I, and treatment provided, such that the Claimant would have enjoyed an overwhelming chance of long-term cancer-free cure; and that because of the breaches in the standard of care as outlined above, the Claimant's cancer was negligently allowed to grow, and metastasize without treatment, such that the Claimant now has a very poor prognosis (less than 30 percent chance of five-year survival).  In addition, it is further asserted that had the diagnosis had been made in a timely manner, the Claimant would not have been required to undergo, among other things, the extensive surgery of February 13th, including bowel resection, and would not have suffered the negative sequelae that resulted therefrom.

20.     As a direct and proximate result of the negligence of this Defendant, including duly authorized agents, servants and/or employees thereof, the Plaintiff suffered unending physical pain, emotional anguish, fear and anxiety, culminating in extensive surgery, including bowel resection, and other injuries and damages.

21.     Additionally, it is alleged that the Plaintiff has in the past, is presently, and will in the future, continue to incur medical, hospital, surgical, pharmacological, and other losses and expenses, including physiotherapeutic, for which claim is made.  The Plaintiff refers to the negligence of the Defendant and its agents, servants and employees, as the sole and proximate cause of all of the injuries and damages sustained -- with the Plaintiff being in no way contributorily negligent.

WHEREFORE, this claim is brought, and the Plaintiff, Veronica Y. McCall-Scovens, demands Judgment against the Defendant, The United States of America, through its duly authorized

agents, servants and/or employees, in the amount of Twenty Million Dollars ($20,000,000.00), plus

interest, costs of suit and for such other and further relief as the Court may deem proper.

Respectfully submitted,

*/s/ **Louis G. Close, III***

_____

Louis G. Close, III
403 Central Avenue
Towson, Maryland  21204
Federal Bar No. 23209
Phone:  (410) 296-3606
Fax:  (410) 296-0080
E-mail:  lclose@lgclaw.net
*Attorney for Plaintiff*